UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William Alexander Lee,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Yellow Checker Star Transportation Taxi; YCS Trans; HR Manager Zell; Taxi Management, LLC,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00919-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 3). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.　*In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 3). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. *Plaintiff's allegations.*

Plaintiff brings his claims under Title II of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff alleges that Taxi Management LLC hired him on August 17, 2021. Plaintiff was hospitalized on July 30, 2022, received surgery amputating his toes, and was released on August 12, 2022. On August 15, 2022, when Plaintiff returned to work he received a termination letter dated August 10, 2022. Plaintiff asserts that his HR Manager, "Zell" told Plaintiff to reapply after healing from surgery. Plaintiff asserts that his employer—presumably Taxi Management, LLC, although he does not explain which Defendant—slandered him to the Department of Employment, Training, and Rehabilitation ("DETR") by claiming that Plaintiff was negligent. Plaintiff alleges that his employer did this to deny Plaintiff unemployment benefits. Plaintiff asserts that he believes he was discriminated against based on his disability and race. Plaintiff alleges that he visited the EEOC on June 7, 2023 to file a discrimination claim but that the EEOC stated that the 300-day timeframe for him to file his claim had passed.

Plaintiff's complaint fails to state a claim on which relief can be granted because Plaintiff does not establish that he has exhausted his administrative remedies. Plaintiff's complaint also fails to establish a prima facie case for discrimination under Title VII and the ADA. The Court thus dismisses Plaintiff's complaint without prejudice.

### B. *Administrative exhaustion.*

Before filing employment discrimination claims in federal court pursuant to Title VII and the ADA, plaintiffs must exhaust their administrative remedies by a filing charge of discrimination. 42 U.S.C. § 2000e-5 (Title VII), § 12117 (ADA); *see also Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) ("Title VII and the EEOC's implementing regulations set forth

specific administrative procedures that a complainant must first exhaust before gaining access to the federal courts on a discrimination complaint."). The purpose of filing a charge prior to initiating a lawsuit is to give the charged employer notice of the claim, provide an agency with notice and an opportunity to investigate the charge, and narrow the issues for prompt adjudication and decision. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

A charge of discrimination is filed with the federal Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"). *See* 29 C.F.R. § 1601.74(a). Once an employee files a charge with the NERC or EEOC, one of the agencies investigates the allegations, attempts to reach a settlement, and decides whether to sue the employer or refer the decision to sue to the Attorney General if the charge is against a state or local governmental entity. 42 U.S.C. § 2000e-5 (Title VII), § 12117 (ADA). If the agency decides not to sue, and if there is no settlement that is satisfactory to the employee, the EEOC will issue the employee a right to sue letter and the plaintiff will have exhausted his administrative remedies. *Id.* An employee may only sue the employer for a Title VII or ADA violation after he has received a right to sue letter. *Id.*; *see also Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990).

To file a Title VII claim with the EEOC, the complaint must be filed within 180 days after the discriminatory act. 42 U.S.C. § 2000e-5(e). However, if the aggrieved person has instituted proceedings with a state or local agency with authority to grant or seek relief from such practices, complainants are allowed 300 days to file with the EEOC." *Bouman v. Block*, 940 F.2d 1211, 1219 (9th Cir. 1991). A Plaintiff's failure to allege that he properly filed a complaint with the EEOC within 300 days after the alleged unlawful practice occurred shows that the court does not have jurisdiction over the discrimination claims. *Jones v. Sage Client 327 LLC*, No. cv-12-637-TUC-RCC, 2012 WL 13104896, at *2 (D. Ariz. Sept. 20, 2012).

Here, Plaintiff indicates that he went to the EEOC. But he has not attached a right to sue letter or indicated the date on which he received one. To the contrary, Plaintiff asserts that the EEOC told him that the 300-day time period had passed. While Plaintiff asserts that the EEOC erroneously calculated the 300 days from the "false termination date" of August 10, 2022 rather

than the "actual date" of August 15, 2022, Plaintiff is suing his employer in this lawsuit, not the EEOC. And the Court requires that Plaintiff demonstrate that he has exhausted his administrative remedies to establish jurisdiction. Because Plaintiff has failed to establish that he has exhausted his administrative remedies, the Court dismisses his complaint without prejudice.

### C. Discrimination in violation of Title VII.

To prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for the position; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Here, Plaintiff has failed to plead sufficient facts to state a claim for race discrimination. Plaintiff has not alleged that he was qualified for his position or that similarly situated employees not in his protected class received more favorable treatment.

### D. Discrimination in violation of the ADA.

The ADA makes it unlawful for covered entities, including private employers, to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477 (1999). Discrimination includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on the entity's business operation. 42 U.S.C. § 12112(b)(5)(A). To qualify for relief under the ADA, a plaintiff must allege that he or she: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential job functions; and (3) suffered an adverse employment action because of the disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Only a "qualified individual with a disability" may state a claim for discrimination under the ADA. *Kennedy v. Applause*, *Inc.*, 90 F.3d 1477, 1480–81 (9th Cir. 1996). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *see also Kennedy*, 90 F.3d at 1481. The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Here, Plaintiff has not alleged a colorable claim for discrimination under the ADA. He has not alleged that he is a disabled person within the meaning of the ADA, is qualified with or without reasonable accommodation to perform the essential functions of his job, or that his firing was because of the disability. The Court thus dismisses his complaint without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **November 27, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original

complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: October 26, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE