1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

William Alexander Lee,

Plaintiff,

v.

Yellow Checker Star Transportation Taxi;
YCS Trans; HR Manager Zell; Taxi
Management, LLC,

Defendants.

Case No. 2:23-cv-00919-APG-DJA

**Order**

Before the Court is Plaintiff's motion for appointment of counsel.  (ECF No. 7).  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.*  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

The Court denies Plaintiff's motion to appoint counsel because it does not find extraordinary circumstances here.  Regarding the merits of Plaintiff's claims, Plaintiff's complaint has not yet passed screening, which is a relatively low threshold, so it is unclear whether his claims have merit.  Regarding Plaintiff's ability to articulate his claims pro se, Plaintiff has only tried once.  While the Court dismissed Plaintiff's complaint, it provided detailed reasons why and explained what elements of which claims were missing from this complaint.  And Plaintiff has not yet filed an amended complaint.

1    Plaintiff asserts that he is unable to investigate or present his case because of mental and

2    physical health issues.  However, Plaintiff was able to write and file his motion for appointment

3    of counsel.  Without more explanation about how his health issues are impeding his ability to file

4    a complaint—which complaint only requires a short and plain statement of the claim under

5    Federal Rule of Civil Procedure 8—the Court does not find that Plaintiff's health issues alone

6    warrant appointing counsel.  The Court thus denies Plaintiff's motion for appointment of counsel

7    without prejudice, meaning that Plaintiff may refile it if he can demonstrate exceptional

8    circumstances.

9    However, the Court does find Plaintiff's health issues warrant extending the time for him

10   to file an amended complaint.  In screening Plaintiff's complaint, the Court gave him until

11   November 27, 2023 to file an amended complaint.  (ECF No. 5 at 7-8).  It added that "[f]ailure to

12   comply with this order will result in the recommended dismissal of this case." (*Id.*).  Plaintiff has

13   indicated in his motion to appoint counsel that he was hospitalized on November 12, 2023.  (ECF

14   No. 7).  The Court finds this sufficient good cause to warrant extending the time for Plaintiff to

15   file his amended complaint under Federal Rule of Civil Procedure 6(b) and Local Rule IA 6-1.

16

17   **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel

18   (ECF No. 7) is **denied without prejudice.**

19   **IT IS FURTHER ORDERED** that Plaintiff must file his amended complaint on or

20   before **February 16, 2024.  Failure to comply with this order will result in the recommended**

21   **dismissal of this case.**

22

23   DATED: January 17, 2024

24   _____

25   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

26

27

28