UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William Alexander Lee,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Yellow Checker Star Transportation Taxi; YCS Trans; HR Manager Zell; Taxi Management, LLC,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00919-APG-DJA<br><br>**Order** |

Before the Court is Plaintiff's second motion for appointment of counsel. (ECF No. 9). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court already denied Plaintiff's first motion for appointment of counsel. (ECF No. 8). In that order the Court explained:

> The Court denies Plaintiff's motion to appoint counsel because it does not find extraordinary circumstances here. Regarding the merits of Plaintiff's claims, Plaintiff's complaint has not yet passed screening, which is a relatively low threshold, so it is unclear whether his claims have merit. Regarding Plaintiff's ability to articulate his claims pro se, Plaintiff has only tried once. While the Court dismissed Plaintiff's complaint, it provided detailed reasons why and explained what elements of which claims were missing

> from this complaint. And Plaintiff has not yet filed an amended complaint.
>
> Plaintiff asserts that he is unable to investigate or present his case because of mental and physical health issues. However, Plaintiff was able to write and file his motion for appointment of counsel. Without more explanation about how his health issues are impeding his ability to file a complaint—which complaint only requires a short and plain statement of the claim under Federal Rule of Civil Procedure 8—the Court does not find that Plaintiff's health issues alone warrant appointing counsel. The Court thus denies Plaintiff's motion for appointment of counsel without prejudice, meaning that Plaintiff may refile it if he can demonstrate exceptional circumstances.
>
> However, the Court does find Plaintiff's health issues warrant extending the time for him to file an amended complaint. In screening Plaintiff's complaint, the Court gave him until November 27, 2023 to file an amended complaint. (ECF No. 5 at 7-8). It added that "[f]ailure to comply with this order will result in the recommended dismissal of this case." (*Id.*). Plaintiff has indicated in his motion to appoint counsel that he was hospitalized on November 12, 2023. (ECF No. 7). The Court finds this sufficient good cause to warrant extending the time for Plaintiff to file his amended complaint under Federal Rule of Civil Procedure 6(b) and Local Rule IA 6-1.

(ECF No. 8).

In that order, the Court provided Plaintiff until February 16, 2024 to file an amended complaint. (ECF No. 8). Instead of filing an amended complaint, Plaintiff filed the instant motion for appointment of counsel. (ECF No. 9). Plaintiff's instant motion explains that his disabilities limit his major life activities and indicates that he relies on a volunteer to help him with his case due to his loss of vision and difficulty speaking. (ECF No. 9 at 6). However, Plaintiff still has yet to file an amended complaint in this action and has demonstrated his ability to file the motion for appointment of counsel with the help of a volunteer. The Court thus denies Plaintiff's second motion for appointment of counsel for the same reasons it denied his first motion for appointment of counsel. The Court will grant Plaintiff another extension to file an amended complaint.

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 9) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff must file his amended complaint on or before **March 27, 2024.  Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: February 26, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE