UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William Alexander Lee,<br><br>  Plaintiff,<br><br>v.<br><br>Yellow Checker Star Transportation Taxi Management, et al.,<br><br>  Defendants. | Case No. 2:23-cv-00919-APG-DJA<br><br>**Order** |

Before the Court is Plaintiff's motion to amend his complaint. (ECF No. 18). Plaintiff does not attach a proposed amended complaint as required under Local Rule 15-1(a). However, because Plaintiff has included his proposed amended claims in his motion, the Court liberally construes his motion to be his proposed amended complaint. And because Plaintiff already had leave to amend his complaint, the Court grants his motion to amend. Screening Plaintiff's amended complaint, the Court finds that Plaintiff has stated a claim for retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"). The Court thus allows Plaintiff's FMLA claim to proceed against Defendant Yellow Checker Star Transportation Taxi Management.

**I.      Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)

**II.     Discussion.**

Plaintiff sues his former employer, Yellow Checker Star Transportation Taxi Management[1] for damages and injunctive relief. (ECF No. 18). Plaintiff invokes the Equal Pay Act, the Fair Labor Standards Act, "Anti Retaliation," "Intentional Torts," and the Family and Medical Leave Act. (ECF No. 18 at 1, 4). Plaintiff alleges that he is disabled by virtue of his speech impediment and diabetes. (*Id.* at 2). He asserts that Defendant hired him on August 17, 2021. (*Id.*). During his employment, Plaintiff's coworkers—Tyler, Josh, Daniel, and Allen[2]—made fun of his limp, his speech impediment, and of Plaintiff giving himself insulin injections and bandaging his feet. (*Id.*). Plaintiff alleges that he complained to his supervisor, Brian, but did not otherwise feel comfortable to approach "corporate officials." (*Id.*).

At some point, Plaintiff was hospitalized to have five of his toes amputated due to diabetes and took four months leave to heal. (*Id.*). Plaintiff asserts that he had no health insurance or sick leave and, when he asked the company about "assistance" on September 25, 2021, he did not receive a response. (*Id.*). Plaintiff returned to work on January 10, 2022 and provided Defendant with a doctor's note, which Defendant accepted. (*Id.*). Plaintiff worked until

---

[1] In the caption of his amended complaint, Plaintiff lists Yellow Checker Star Transportation Taxi Management, "et al." (ECF No. 18 at 1). It is unclear if Plaintiff is bringing his claims against Defendants that he previously listed in his original complaint—YCS Trans; HR Manager Zell; and Taxi Management, LLC. Because each of his claims appear to arise out of his employment with Yellow Checker Star Transportation Management, because Plaintiff does not mention the prior Defendants other than Zell, and because Plaintiff refers to "Defendant" in the singular, the Court does not construe Plaintiff's amended complaint to bring claims against YCS Trans; HR Manager Zell; or Taxi Management LLC.

[2] Defendant makes a point to note that Tyler and Josh are white, but does not otherwise raise race-based allegations.

July 30, 2022, but then returned to the hospital for foot infections. (*Id.*). Plaintiff returned to work again on August 12, 2022, again bringing a doctor's note. (*Id.*).

Plaintiff asserts that, when he returned to work on August 12, 2022, the HR supervisor Zell refused to honor his doctor's note. (*Id.* at 3). Instead, Zell handed him a termination letter dated August 10, 2022—when Plaintiff was in the hospital—even though he had returned on August 12, 2022. (*Id.*). When Plaintiff complained about the termination and brought up FMLA, another supervisor, Rafa, stated "we walk on this job!" (*Id.*).

Plaintiff asserts that he applied for unemployment benefits but Defendant objected to Plaintiff's request, stating that Plaintiff was negligent. (*Id.*). Plaintiff also alleges that Defendant "refused investigation of [the Nevada Department of Employment, Training, and Rehabilitation ("DETR")]." (*Id.*). Five months later, Plaintiff alleges that DETR reinstated his benefits. (*Id.*).

Plaintiff alleges that Defendant's actions caused him to become homeless and unable to afford food or medical care. (*Id.* at 4). As a result, Plaintiff's leg was amputated. (*Id.*). Plaintiff asserts that if Defendant had not denied his request for benefits, the Family and Medical Leave Act " would have paid for [his] medical care and medicine." (*Id.*). Plaintiff claims that Defendant retaliated against him because Plaintiff protested Defendant's treatment of him and termination of his employment. (*Id.* at 4-5).

### A.    The Equal Pay Act.

The Equal Pay Act prohibits an employer from discriminating "between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . ." *Gunther v. Washington Cnty.*, 623 F.2d 1303, 1308 (9th Cir. 1979), *aff'd*, 452 U.S. 161 (1981). Plaintiff has not alleged that he was receiving less pay than other, opposite sex employees. The Court dismisses this claim without prejudice.

### B.    The Fair Labor Standards Act.

To state a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), plaintiff must allege that his employer failed to pay him at the minimum wage and/or overtime

when he worked over forty hours per week.  29 U.S.C. §§ 206, 207(a)(1).  Plaintiff does not allege that Defendant failed to pay him at the minimum wage or overtime pay.  Instead, he alleges that Defendant failed to provide him with health benefits.  But Plaintiff has not explained why this failure was illegal or improper.  The Court dismisses this claim without prejudice.

### C. *"Intentional torts."*

Although Plaintiff invokes "intentional torts," he does not explain which torts he is alleging.  Without more, the Court cannot determine if Plaintiff has alleged the elements of any particular tort.  To the extent Plaintiff brings a tort claim, the Court dismisses it without prejudice and with leave to amend.

### D. *Family and Medical Leave Act.*

To state an FMLA claim, an employee must demonstrate either: (1) retaliation or discrimination, or (2) interference with his FMLA rights.  *Ramirez v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-01174-APG-BNW, 2022 WL 3715751, at *6 (D. Nev. Aug. 29, 2022) (*citing Sanders v. City of Newport*, 657 F.3d 772, 777-78 (9th Cir. 2011)).  To make a prima facie showing of FMLA retaliation, a plaintiff must show (1) involvement in a protected activity under the FMLA; (2) an adverse employment action; and (3) a causal link between the protected activity and the employment action.  *Washington v. Fort James Operating Co.*, 110 F.Supp.2d 1325, 1330 (D. Or. 2000) (citing *Morgan v. Hilti*, 108 F.3d 1319, 1325 (10th Cir. 1997)); *see also Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006); *Porter v. Cal. Dep't. of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) (retaliation in the context of Title VII); *see Sanders*, 657 F.3d at 777 ("[a]lthough undecided in this circuit, *see Bachelder*, 259 F.3d at 1125 n.11, other circuits that have considered how a plaintiff can establish liability in an FMLA discrimination or retaliation claim have adopted some version of the *McDonnell Douglas v. Green* burden shifting framework.").

To state an interference claim, a plaintiff must plead only that his decision to exercise his FMLA rights was a negative factor in the employer's termination decision.  *Id.* (*citing Bachelder*, 259 F.3d at 1124-25).  Either direct or circumstantial evidence may be presented including proximity in time of the leave request to the termination.  *Id.* (*citing Xin Liu v. Amway Corp.*, 347

F.3d 1125, 1137 (9th Cir. 2003)).  An allegation that an employer terminated an employee because he or she took FMLA leave is construed and analyzed as an interference claim.  *Ramirez*, 2022 WL 3715751, at *6 (*citing Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001)).

The FMLA requires that an employee must "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request."  29 C.F.R. § 825.303(b).  When the need for leave is unforeseeable, an employee must provide notice "as soon as practicable."  29 C.F.R. § 825.303(a).  Employees need not explicitly invoke the FMLA when giving notice.  *Bachelder*, 259 F.3d at 1130-31.  Instead, the employer is responsible, having been notified of the reason for an employee's absence, for being aware that the absence may qualify for FMLA protection.  *Id.*

Here, Plaintiff has alleged a colorable claim for retaliation and interference under the FMLA.  Starting with retaliation, Plaintiff has alleged that he was involved in protected activity under the FMLA because he took time off for his hospitalization and then provided Defendant with notice of that FMLA leave in the form of a doctor's note.[3]  Plaintiff alleges that Defendant previously accepted that form of notice, but did not this time.  Plaintiff also claims that Defendant opposed his application for unemployment benefits.[4]  Plaintiff sufficiently alleges a causal link between his FMLA leave and Defendant opposing his unemployment benefits because of the

---

[3] Whether notice is sufficient under the FMLA depends on the facts of each case.  *Munger v. Cascade Steel Rolling Mills, Inc.*, 544 F.Supp.3d 078, 1089 (D. Or. 2021).  So, the Court does not find it appropriate to make a sufficiency finding at the screening stage.

[4] Courts have recognized that opposing an unemployment benefits application may qualify as retaliatory discrimination in certain contexts.  *Dougherty v. Bellevue Sch. Dist.*, No. C12-0168JLR, 2012 WL 12874959, at *4 (W.D. Wash. June 15, 2012), *aff'd*, 553 F. App'x 745 (9th Cir. 2014); *see Sherman v. Donahoe*, No. C08–1533RAJ, 2012 WL 503851, at *14 (W.D. Wash. Feb. 15, 2012) (finding that efforts to prevent a former employee from receiving benefits could constitute "retaliatory conduct" under Title VII and the ADA); *Steele v. Schafer*, 535 F.3d 689, 696 (D.C. Cir. 2008) (emphasizing that interference with unemployment proceedings qualifies as retaliation).

closeness in time between his leave and his termination and application for benefits and his supervisors' statements while Plaintiff was opposing his termination.

Turning to interference, Plaintiff has alleged that he took FMLA leave between July 30, 2022 and August 12, 2022 and, before he even returned, Defendant had terminated him. Plaintiff has also alleged that he provided Defendant with notice by providing a doctor's note upon his return. While it is unclear if Plaintiff gave any prior notice other than the note, Plaintiff alleges that he had provided a doctor's note when returning from a prior surgery and that Defendant accepted the note. For the purposes of screening, Plaintiff has alleged that he provided notice to his employer that he was taking FMLA leave and that his employer terminated him for taking that leave. Plaintiff's retaliation and interference claims under the FMLA will proceed against Defendant.

### E.  *Discrimination in violation of the ADA and Title VII.*

Plaintiff does not explicitly allege discrimination in violation of the Americans with Disabilities Act or Title VII of the Civil Rights Act. However, to the extent he raises these claims, they would fail in his amended complaint for the same reasons they failed in his prior complaint. (ECF No. 5). To the extent Plaintiff re-alleges these claims, the Court dismisses them without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 18) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's claims for retaliation and interference under the FMLA shall proceed against Defendant Yellow Checker Star Transportation Taxi Management.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to rename Plaintiff's motion to amend his complaint so that the docket reads "amended complaint." (ECF No. 18).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summons for Yellow Checker Star Transportation Taxi Management.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the following to the United States Marshals Service ("USMS") for service: (1) a copy of the amended complaint (ECF No. 18); (2) a copy of the summons; and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of Form USM-285. [5]

**IT IS FURTHER ORDERED** that Plaintiff must complete the USM-285 form for Defendant and provide an address where Defendant can be served with process.  Once completed, Plaintiff must provide the completed USM-285 form to the USMS.  Plaintiff shall have until **September 18, 2024** to furnish the USMS with the required form.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the USMS shall attempt service upon the Defendant.

**IT IS FURTHER ORDERED** that, within twenty days after receiving from the USMS a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendant was served.  If Plaintiff wishes to have service again attempted on a Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 18, 2024** to accomplish service on Defendant under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court

---

[5] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return

may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: August 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE