UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM ALEXANDER LEE,<br><br>  Plaintiff<br><br>v.<br><br>YELLOW CHECKER STAR<br>TRANSPORTATION TAXI<br>MANAGEMENT, et al.,<br><br>  Defendants | Case No.: 2:23-cv-00919-APG-DJA<br><br>**Order Granting Defendant's<br>Motion to Dismiss**<br><br>[ECF No. 31] |

William Alexander Lee sues Yellow Checker Star Transportation Taxi Management for retaliation and interference under the Family and Medical Leave Act (FMLA).[1] Yellow Checker allegedly terminated Lee after Lee took time off from work during a hospitalization. Yellow Checker moves to dismiss Lee's amended complaint for failure to state a claim. ECF No. 31. It argues that Lee has failed to adequately allege an FMLA claim because Yellow Checker is not Lee's employer and, even if it were, Lee was not employed long enough to receive FMLA benefits. Lee responds that he has only ever dealt with Yellow Checker during his employment. He also argues he fulfilled a 90-day probationary period.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim. In evaluating a Rule 12(b)(6) motion, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell*

---

[1] Magistrate Judge Daniel Albregts previously ruled that Lee may proceed only against Yellow Checker Star Transportation Taxi Management and only on Lee's FMLA claims. ECF No. 19 at 3 n.1, 7.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. Conclusory allegations of law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  In evaluating a 12(b)(6) motion, allegations of a pro se complaint "are held to less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted).

"The FMLA creates two interrelated, substantive employee rights: first, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001).  The FMLA protects these rights in "two very different ways." *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011).  Under 29 U.S.C. § 2615(a)(1), an employer can violate the FMLA by interfering with an employee's exercise of FMLA rights by "visiting negative consequences on an employee simply because he has used FMLA leave." *Bachelder*, 259 F.3d at 1124.  Under 29 U.S.C. § 2615(a)(2) and § 2615(b), an employer can also violate the FMLA by retaliating against the employee for opposing practices that are unlawful under the FMLA or for "instituting or participating in FMLA proceedings or inquiries." *Id.*

To establish an FMLA interference claim, a plaintiff must show that they are an "eligible employee" under 29 U.S.C. § 2611(2)(A). *See* 29 U.S.C. § 2612(a); *Sanders*, 657 F.3d at 778. The Ninth Circuit has not expressly stated that only eligible employees have a private cause of action for FMLA retaliation, and the defendants do not cite relevant authority for this proposition.  But some district courts in the Ninth Circuit appear to recognize that eligible employees are the only private parties who may bring a retaliation claim. *See, e.g.*, *Chin v. Small*

*Bus. Admin. of United States of Am.*, No. 24-CV-732 JLS (AHG), 2025 WL 77059, at *5 (S.D. Cal. Jan. 10, 2025) (observing that the "private cause of action" described in 29 U.S.C. § 2617 "is available only for eligible employees covered by Title I of the FMLA"). And both the Sixth and Eleventh Circuits held that only eligible employees have a private cause of action for FMLA retaliation. *See Morrison v. Amway Corp.*, 323 F.3d 920, 927 & n.10 (11th Cir. 2003); *Humenny v. Genex Corp.*, 390 F.3d 901, 904-06 (6th Cir. 2004). This caselaw is persuasive. The FMLA states that an employer who violates 29 U.S.C. § 2615 "shall be liable to any eligible employee affected." 29 U.S.C. § 2617(a)(1). The FMLA's text does not make employers liable to those who are not eligible employees. And though § 2615(a) prohibits an employer from retaliating against "any individual" who opposes a practice that violates the FMLA, the only private party expressly authorized to sue an employer under the FMLA is an "eligible employee." *See* 29 U.S.C. 2617(a)-(f). So only eligible employees have a private cause of action for FMLA retaliation.

  An eligible employee is one who has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested under § 2612" and "(ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). In his amended complaint, Lee alleges that his "hire date" was "on or about" August 17, 2021. ECF No. 18 at 2. Lee alleges that he was "terminated on [his] return to work" on August 12, 2022, when his employer's human resources supervisor handed him an "involuntary termination" letter dated August 10, 2022. *Id.* at 3. Lee protested that the letter was dated on the 10th because he was still in the hospital on that date. *Id.*

  By the amended complaint's allegations, Lee did not work for his employer for at least twelve months. In his response, Lee does not argue that he met the 12-month requirement to be

3

an eligible employee under the FMLA. His only statement on this topic is that he "was an employee after [a] 90 [day] probation period." ECF No. 35 at 3. None of his allegations or arguments suggest that he was employed long enough to be eligible for FMLA protection. Lee thus does not plausibly allege that he was an eligible employee of Yellow Checker under the FMLA for an interference claim. I thus grant Yellow Checker's motion to dismiss.

I do not decide here whether Lee adequately alleged that Yellow Checker is his employer. But Lee points to facts that may adequately allege that Yellow Checker was Lee's employer. And Lee's alleged hire date was an approximate "on or about" date, so it is unclear whether Lee can provide a more precise hire date that would satisfy the 12-month requirement. For these reasons, I dismiss Lee's amended complaint without prejudice and with leave to amend if he can plausibly allege that Yellow Checker employed him for at least 12 months.

I THEREFORE ORDER that defendant Yellow Checker Star Transportation Taxi Management's motion to dismiss **(ECF No. 31) is GRANTED**.

I FURTHER ORDER that plaintiff William Lee's amended complaint **(ECF No. 18) is DISMISSED** without prejudice and with leave to amend. Lee may file an amended complaint by May 13, 2025 if he can plausibly allege sufficient facts as outlined above.

DATED this 10th day of April, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4